**EXHIBIT A**

**IN THE CIRCUIT COURT OF CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| CARLA SMITH and CLAUDE LACY, JR., <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN VILLAGE APARTMENTS, LP <br> Serve: David Woods <br>   7733 Forsyth Blvd., Suite 400 <br>   Clayton, MO 63105 <br><br> and <br><br> SANSONE GROUP, LLC, <br> Serve: CT Corporation System <br>   120 S. Central Ave. <br>   Clayton, MO 63105 <br><br> and <br><br> ANTHONY'S EMPIRE SECURITY LLC <br> Serve: Anthony T. Brandon, Jr. <br>   4035 Tholozan Ave. <br>   St. Louis, MO 63116 <br><br> Defendants. | Cause No. <br><br> **JURY TRIAL DEMANDED** |

## **PETITION**

COME NOW Plaintiffs Carla Smith and Claude Lacy, Jr., by and through their undersigned counsel, and for their causes of action against Defendants Metropolitan Village Apartments, LP (hereinafter "Metropolitan Village), Sansone Group, LLC (hereinafter "Sansone Group"), and Anthony's Empire Security LLC (hereinafter "Empire Security"), state as follows:

## **PARTIES**

1. Plaintiff Carla Smith is the natural daughter of Decedent Carolyn Jenkins, and a resident of the State of Tennessee. Carolyn Jenkins, deceased, was at all times pertinent hereto a

resident at the Metropolitan Village Apartments located in the City of St. Louis, Missouri.

2. Plaintiff Claude Lacy, Jr. is the natural son of Decedent Carolyn Jenkins, and a resident of the State of Missouri.

3. The incident which is the basis of this Petition occurred in the City of St. Louis, Missouri.

4. Defendant Metropolitan Village is a Missouri Limited Partnership with its principal place of business in Missouri and owns the Metropolitan Village Apartments located at 3114 Franklin Avenue, St. Louis, MO 63106 ("Metropolitan Village Apartments").

5. Defendant Sansone Group is a Missouri Limited Liability Company with its principal place of business in Missouri and manages the Metropolitan Village Apartments.

6. Defendant Empire Security is a Missouri Limited Liability company with its principal place of business in Missouri that provided security for the Metropolitan Village Apartments.

## FACTS

### THE METROPOLITAN VILLAGE APARTMENTS LEASE

7. On April 30, 2020, Decedent Carolyn Jenkins signed a lease to be a tenant at the Metropolitan Village Apartments. (Exhibit 1, Metropolitan Village Lease).

8. The lease was entered into pursuant to Section 202 Program of Housing for the Elderly or Handicapped in conjunction with Section 8 Housing Assist Payments Program, under the Department of Housing and Urban Development ("H.U.D."). (Exhibit 1, Metropolitan Village Lease).

9. Under the lease, Defendant Metropolitan Village and Defendant Sansone Group (by way of inheriting the contracts and liabilities of predecessor Fulson Asset Management

Company, LLC) agreed to "comply with the requirements of all applicable federal, state and local laws, including health, housing and building codes into deliver and maintain the premises in safe, sanitary and decent condition."  (Exhibit 1, Metropolitan Village Lease).

10. Under a regulatory agreement entered into between Metropolitan Village and the Secretary of the Department of Housing and Urban Development ("H.U.D"), Metropolitan Village and Sansone Group agreed to limit occupancy of Metropolitan Village Apartments to individuals that qualify under Section 202 of the Housing Act of 1959, under which all applicable H.U.D. statutes and regulations, including 42 U.S.C.A. § 1435f and 66 CFR 28775 would apply to the tenants of the building.

11. Under the H.U.D. regulations, including 66 CFR 28775, which addresses preventing crime in federally assisted housing, Metropolitan Village and Sansone Group are authorized to screen applicants to Metropolitan Village and screen out applicants who are determined to be unsuitable for standards of admission.

12. Under the regulations, Metropolitan Village and Sansone Group are authorized under the federal regulations to evict tenants for various criminal activities, including drug-related criminal activity.

13. Further, Metropolitan Village and Sansone Group were required to establish standards that prohibit admission of tenants to Metropolitan Village Apartments if a tenant is currently engaging in illegal use of a drug or there is reasonable cause to believe that a tenant's illegal use or pattern of illegal use of a drug may interfere with the health, safety, or right to peaceful enjoyment of the premises by other residents.

14. Additionally, Metropolitan Village and Sansone Group may prohibit admission or evict current tenants at Metropolitan Village Apartments for a wide range of activities, including

drug-related criminal activity, violent criminal activity, or other criminal activity that would threaten the health, safety, or right to peaceful enjoyment of the premises by other residents.

15. In addition, Metropolitan Village and Sansone Group are given the authority to terminate the tenancy of a tenant for any type of criminal activity that threatens the health, safety, or right to peaceful enjoyment of the premises by other residents, or persons residing in the immediate vicinity of the premises.

## TENANT DAVID LEONARD HARVEY

16. One of the other tenants at Metropolitan Village Apartments, and the neighbor of Decedent Carolyn Jenkins, was David Leonard Harvey.

17. Upon information and belief, David Harvey began residing at Metropolitan Village Apartments in 2001 and resided there up until 2023.

18. On May 20, 1997, prior to David Harvey's tenancy at Metropolitan Village, David Harvey pled guilty to First Degree Assault resulting in serious physical injury and Unlawful Use of a Weapon.

19. On August 28, 1998, David Harvey pled guilty to Possession of Cocaine base, for which he was incarcerated.

20. On March 23, 2011, the Circuit Court of the City of St. Louis issued a full order of protection for a girlfriend of David Harvey against him based on his abuse of her that required him to not communicate with her and to stay at least 100 feet away from her.

21. On September 13, 2015, David Harvey was charged with First Degree Murder, First Degree Assault, Armed Criminal Action, Unlawful Possession of a Firearm, and Unlawful Use of a Weapon for killing a pregnant woman.

22. Despite the previous history of violent, criminal, and drug-related activities, Metropolitan Village and Sansone Group allowed David Harvey to be a tenant at the Metropolitan Village Apartments, and in fact failed to evict him after his arrest for First Degree murder while a tenant at Metropolitan Village Apartments.

**2022**

23. Prior to June of 2022, Decedent Carolyn Jenkins was involved in a relationship with David Harvey.

24. After the relationship ended, Decedent Carolyn Jenkins was subjected to repeated harassment by David Harvey, which included illegally entering her apartment, going through her personal items, and accessing her apartment with a key which was obtained from the management of Metropolitan Village Apartments.

25. On multiple occasions, Decedent Carolyn Jenkins complained to management at Metropolitan Village about the repeated harassment and the break-ins at her apartment.

26. As there are video cameras in the hallways, all of this criminal activity and unauthorized access into Decedent's apartment could be reviewed by Metropolitan Village, Sansone Group, and Empire Security.

27. Due to lack of action by management, despite her repeated complaints, which included filing a police report against David Harvey, Carolyn Jenkins needed to change the locks on her apartment.

28. On or about August 11, 2022, David Harvey, upon information and belief, with the assistance of another individual who worked at Metropolitan Village Apartments, entered Decedent Carolyn Jenkins' residence, and murdered her.

5

29. After murdering Carolyn Jenkins, David Harvey and/or the other unknown individual working at Metropolitan Village moved Ms. Jenkins' body out of the Metropolitan Village Apartments and threw her body into an alley, where it was discovered on August 17, 2022.

30. Several months later, David Harvey was arrested for the First Degree Murder of Decedent Carolyn Jenkins.

## COUNT I

### NEGLIGENCE AGAINST METROPOLITAN VILLAGE AND SANSONE GROUP

31. Plaintiffs incorporate the allegations in paragraphs 1 – 30 of this Petition as though set forth fully herein.

32. Due to David Harvey's general criminal history involving multiple violent acts, as well as the multiple incidents of David Harvey breaking into Decedent Carolyn Jenkins' apartment and other related incidents of violence by David Harvey directed to Carolyn Jenkins, of which Metropolitan Village and Sansone Group knew or should have known, Metropolitan Village and Sansone Group had a duty to protect Carolyn Jenkins from David Harvey.

33. Sufficient time existed for Metropolitan Village and Sansone Group to protect Carolyn Jenkins from David Harvey.

34. Metropolitan Village and Sansone Group failed to take reasonable actions to protect Carolyn Jenkins and other tenants of the Metropolitan Village Apartments from David Harvey, thereby exposing Decedent to unreasonable risk of physical harm and thereby breaching the duty of care owed to Decedent Carolyn Jenkins, who was murdered on August 11, 2022.

35. As a direct and proximate result of the negligence of Metropolitan Village and Sansone Group, Decedent Carolyn Jenkins sustained catastrophic injuries to her neck and body,

Electronically Filed - CITY OF ST. LOUIS - December 27, 2023 - 10:51 AM

including multiple fatal stab wounds that lead to her death, as well as conscious pain and suffering from the time of injury to the time of her death.

36. As a direct and proximate result of the negligence of Defendants Metropolitan Village and Sansone Group, pursuant to § 537.090 RSMo., Plaintiffs are entitled to recover damages that the Decedent suffered between the time of injury and the time of death and for the recovery of which she might have maintained an action had death not ensued, including pain and suffering from the time of the injury to the time of death; pecuniary losses suffered by reason of her death; funeral expenses; the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death; and mitigating or aggravating circumstances.

WHEREFORE, Plaintiffs pray for judgement against Defendants Metropolitan Village and Sansone Group in a just and reasonable sum in excess of Twenty-Five Thousand Dollars ($25,000.00) together with costs expended herein and for such other and further relief as the Court deems just and proper.

## COUNT II

### NEGLIGENCE PER SE AGAINST METROPOLITAN VILLAGE AND SANSONE GROUP

37. Plaintiffs incorporate the allegations in paragraphs 1 – 36 of this Petition as though set forth fully herein.

38. As a H.U.D. regulated property, Metropolitan Village and Sansone Group's operation of the Metropolitan Village Apartments was subject to 42 U.S.C.A. § 1435f.

39. Under 42 U.S.C.A. § 1435f(d)(1)(B)(iii), during the term of a lease at Metropolitan Village Apartments, any criminal activity that threatens the health, safety, or right to peaceful enjoyment of the premises by other tenants, or any drug-related criminal activity on the premises engaged in by the tenant of any unit shall be cause for termination of tenancy.

40. This statute exists for the protection and safety of the other tenants in H.U.D. housing such as Metropolitan Village Apartments, including Decedent Carolyn Jenkins, a tenant at Metropolitan Village Apartments.

41. This statute was violated by Metropolitan Village and Sansone Group when on September 13, 2015, tenant David Harvey was charged with First Degree Murder, First Degree Assault, Armed Criminal Action, Unlawful Possession of a Firearm, and Unlawful Use of a Weapon for his actions in shooting and killing a pregnant woman and hiding her body, and despite these charges and arrest, which posed a threat to the health and safety of other tenants at Metropolitan Village Apartments, including Decedent Carolyn Jenkins, Defendants failed to terminate the tenancy of David Harvey.

42. As a result of Defendants failing to evict David Harvey, he remained a resident at Metropolitan Village Apartments and had access to Decedent Carolyn Jenkins, which resulted in him murdering her.

43. As a direct and proximate result of the negligence of Metropolitan Village and Sansone Group, Decedent Carolyn Jenkins sustained catastrophic injuries to her neck and body, including multiple fatal stab wounds that lead to her death, as well as conscious pain and suffering from the time of injury to the time of her death.

44. As a direct and proximate result of the negligence of Defendants Metropolitan Village and Sansone Group, pursuant to § 537.090 RSMo., Plaintiffs are entitled to recover

Electronically Filed - CITY OF ST. LOUIS - December 27, 2023 - 10:51 AM

damages that the Decedent suffered between the time of injury and the time of death and for the recovery of which she might have maintained an action had death not ensued, including pain and suffering from the time of the injury to the time of death; pecuniary losses suffered by reason of her death; funeral expenses; the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death; and mitigating or aggravating circumstances.

WHEREFORE, Plaintiffs pray for judgement against Defendants Metropolitan Village and Sansone Group in a just and reasonable sum in excess of Twenty-Five Thousand Dollars ($25,000.00) together with costs expended herein and for such other and further relief as the Court deems just and proper.

## COUNT III

## NEGLIGENCE AGAINST EMPIRE SECURITY

45.     Plaintiffs  incorporate the allegations in paragraphs 1 – 30 of this Petition as though set forth fully herein.

46.     Empire Security was hired to provide security for the residents of the Metropolitan Village Apartments, including Decedent Carolyn Jenkins.

47.     As part of the security services, Empire Security was required to monitor the video cameras in the hallways for any suspicious activity that should be investigated.

48.     On August 11, 2022, video cameras showed David Harvey follow Carolyn Jenkins to her apartment and rush inside her apartment before she could close the door.

49.     Despite seeing this on video, Empire Security failed to investigate the safety of Decedent Carolyn Jenkins.

9

50. Later after murdering Carolyn Jenkins, David Harvey returned, and upon information and belief, with the help of an employee of Metropolitan Village, on video removed the body from the apartment, even taking the body in a cart directly past the Empire Security employee, and dumped it in an alley.

51. Defendant Empire Security was negligent by one or more of the following acts or omissions, each of which directly and proximately caused or contributed to cause the aforesaid incident and the resulting injuries in the following manner:

   a. Defendant Empire Security failed to adequately monitor the security video cameras for potential criminal activity; and/or

   b. Defendant Empire Security failed to respond to potential criminal activity; and/or

   c. Defendant Empire Security failed to protect Decedent from an individual that it knew or should have known is dangerous; and/or

   d. Defendant Empire Security failed to provide adequate security at the Metropolitan Village Apartments.

52. As a direct and proximate result of the negligence of Empire Security, Decedent Carolyn Jenkins sustained catastrophic injuries to her neck and body, including multiple fatal stab wounds that lead to her death, as well as conscious pain and suffering from the time of injury to the time of her death.

53. As a direct and proximate result of the negligence of Defendant Empire Security, pursuant to § 537.090 RSMo., Plaintiffs are entitled to recover damages that Decedent suffered between the time of injury and the time of death and for the recovery of which she might have maintained an action had death not ensued, including pain and suffering from the time of the injury to the time of death; pecuniary losses suffered by reason of her death; funeral expenses; the

reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death; and mitigating or aggravating circumstances.

WHEREFORE, Plaintiffs pray for judgement against Defendants Empire Security in a just and reasonable sum in excess of Twenty-Five Thousand Dollars ($25,000.00) together with costs expended herein and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**NIEMEYER, GREBEL & KRUSE, LLC**

By: */s/ David L. Grebel*
David L. Grebel     #52683
Mark R. Niemeyer    #42437
Michael S. Kruse    #57818
Patrick Hamacher    #63855
211 N. Broadway, Suite 2950
St. Louis, MO 63102
314-241-1919 telephone
314-665-3017 fax
grebel@ngklawfirm.com
niemeyer@ngklawfirm.com
kruse@ngklawfirm.com
hamacher@ngklawfirm.com

*Attorneys for Plaintiff*