UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLA SMITH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 4:24-cv-00209 SEP |
| ) | |
| METROPOLITAN VILLAGE ) | |
| APARTMENTS, LP, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs Carla Smith and Claude Lacy, Jr.'s Motion to Remand. Doc. [21]. The motion is fully briefed and ready for disposition. *See* Docs. [22], [24], [27]. For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND

This action arises out of the death of Plaintiffs' mother, Carolyn Jenkins, who was a resident at the Metropolitan Village Apartments (MVA) when she was murdered by another MVA resident in August 2022. Doc. [1-1] ¶¶ 1, 2, 16, 22, 28. The MVA was owned by Defendant Metropolitan Village Apartments, LLC (Metropolitan Village) and managed by Defendant Sansone Group, LLC (Sansone). *Id.* ¶¶ 4, 5. Defendant Anthony's Empire Security, LLC (Empire Security) provided security services for the MVA. *Id.* ¶ 6. Plaintiffs originally filed this action against Defendants in the Circuit Court for the City of St. Louis, Missouri. Doc. [1] ¶ 2. Plaintiffs bring claims of negligence against Metropolitan Village and Sansone (Count I), negligence per se against Metropolitan Village and Sansone (Count II), and negligence against Empire Security (Count III).

Sansone filed a timely notice of removal (NOR), invoking federal question jurisdiction. Doc. [1]. Sansone contends that the petition raises issues of federal law because, in Count II, Plaintiffs alleged that their mother's death was the direct and proximate result of Defendants' negligent violation of 42 U.S.C. § 1435f.[1] Doc. [1-1] ¶ 4. Sansone notes that the petition "also invokes Section 202 of the Housing Act of 1959 and Department of Housing and Urban Development regulation 66 CFR 28775." *Id.*

---

[1] Plaintiffs appear to have intended to cite 42 U.S.C.§ 1437f.

Plaintiffs timely move to remand this case to state court.  Docs. [21], [22].  They argue that the petition does not raise issues of federal law because Count II is a claim of negligence per se that cites the Housing and Urban Development (HUD) statutes and regulations only to define the standard of care Defendants failed to meet.  Doc. [22] at 3-10. Defendants oppose the motion to remand and reiterate their contention that Count II invokes a substantial question of federal law.  Doc. [24].  Plaintiffs reply that the cases Defendants cites are factually distinguishable from this action.  Doc. [25].

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  A claim may be removed to federal court only if it could have been brought there originally.  *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).

The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence."  *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.  "All doubts about federal jurisdiction should be resolved in favor of remand to state court."  *Id.* (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

## DISCUSSION

Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Whether a claim "arises under" federal law depends on the contents of the well-pleaded complaint.  *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).  "Because the well-pleaded complaint rule 'makes the plaintiff the master of the claim[, a plaintiff] may avoid federal question jurisdiction by exclusive reliance on state law.'"  *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Defendants are "not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law."  *Id*. (quoting *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000)).

Although Defendants argue that this Court has "arising under" jurisdiction because Plaintiffs allege in Count II that their mother's death was the result of Defendants' negligent failure to comply with § 1437f and HUD regulations, none of the cases they cite supports that contention.  *See* Doc. [22] at 3-10.  Courts in this district and others within the Eighth Circuit have rejected such arguments.  *See White v. Buchanan*, 2020 WL 921179, at *2 (E.D. Ark. Feb. 26, 2020) (finding allegations that defendant violated HUD regulations only served as evidence of negligence and did not raise a substantial federal question); *I.S. v. Washington University*, 2011 WL 2433585, at *4-5 (E.D. Mo. June 14, 2011) (collecting cases finding that reference to a federal statute or regulation in a claim for negligence or negligence per se did not invoke federal question jurisdiction); *Taylor v. Lewis*, 772 F. Supp. 2d 1040, 1045 (E.D. Mo. 2011) (concluding that plaintiff's negligence claim, which contained allegations that defendant failed to comply with HUD regulations, did not arise under federal law).  This Court likewise finds that Count II does not invoke a substantial question of federal law by alleging that Defendants negligently failed to comply with a federal statute and regulations.  *See Taylor*, 772 F. Supp. 2d at 1045 (concluding that any reference to HUD regulations in this case would only be a standard upon which to measure defendant's negligence).  Defendants seek to "inject a federal question into" Plaintiffs' "otherwise state-law claim."  *See Cent. Iowa Power Co-op.*, 561 F.3d at 912.  Because it is undisputed that the rest of Plaintiffs' claims are brought under state law, Defendants' attempt to establish federal question jurisdiction fails.  Because Defendants have not met their burden of establishing federal jurisdiction, the Court must remand this case to state court.  *See* 28 U.S.C. § 1447(c); *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, Doc. [21], is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court for the City of St. Louis, Missouri.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 30th day of October, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE